UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-210-F1
No. 5:14-CV-67-F

| | |
|---|---|
| COREY NICOLAS DUGGINS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the court on the Petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 [DE-78]. Duggins contends that he was sentenced in violation of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Government has filed a motion to dismiss the petition, arguing, among other things, that Duggins waived his right to collaterally attack his sentence in the plea agreement. The Government's motion to dismiss is ALLOWED and the petition is DISMISSED.

**FACTUAL BACKGROUND**

On April 12, 2010, Duggins pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. § 841(a), and one count of using or carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1). The court sentenced Duggins to 138 months on count one and 60 months on count two, and ordered that the sentences be served consecutively. Because Duggins qualified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a), his combined guideline range on both counts was 262 to 327 months. Duggins received a 5K1.1

motion and his total sentence (198 months) represented an approximate 25% reduction from the bottom of the guideline range.

Duggins's plea agreement, which he signed and agreed to in open court, contains the following language:

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline Range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's Guilty plea.

Mem. of Plea Agreement [DE-35] at 1. Thus, in his plea agreement, Duggins expressly waived his right to challenge his conviction or sentence under § 2255. Nevertheless, Duggins has filed a lengthy § 2255 motion, in which he argues that his challenge to his sentence falls outside the scope of the waiver.

## ANALYSIS

### I. Waiver

Challenges to plea agreement waivers of appellate and habeas rights are common in criminal cases, in both direct appeals and § 2255 petitions. *See, e.g., United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005); *United States v. Attar*, 38 F.3d 727 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493 (4th Cir. 1992); *Braxton v. United States*, 358 F. Supp. 2d 497 (W.D. Va. 2005). Generally, the challenges take one of two forms: (1) a challenge to whether the waiver was entered into knowingly and voluntarily and (2) whether the issues raised in the petition or appeal fall within the scope of the waiver. *See Lemaster*, 403 F.3d at 220 & n.2. The second

category consists of a "narrow class of claims" defendants may pursue on direct appeal despite the appellate waiver. *Id.* at 220 n.2. This category includes claims such as ineffective assistance of counsel, that the sentence imposed was in excess of the maximum prescribed by statute, or that the sentence was based on a constitutionally impermissible factor such as race. *Id.*; *Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496. Although the Fourth Circuit has not definitively held that these issues also fall outside the scope of a defendant's waiver of § 2255 rights, the court presumes they do for purposes of deciding Duggins's petition.

Duggins argues his challenge falls outside the scope of the waiver because, according to Duggins, he was sentenced in excess of the maximum prescribed by statute. His argument is based on the Fair Sentencing Act of 2010, which reduced the penalties associated with amount of cocaine base Duggins distributed. In *Dorsey*, the Supreme Court held that the FSA's more lenient penalties applied to all defendants sentenced after enactment of the FSA even in the circumstance where the actual offense conduct occurred prior to the FSA's enactment. 132 S. Ct. at 2335. The Government does not dispute that the mandatory minimum and statutory maximum listed on Duggins's presentence report contravened *Dorsey*.

However, Duggins's challenge remains barred by the collateral attack waiver in the plea agreement. This is because Duggins was not personally sentenced in excess of the maximum prescribed by statute. *See Marin*, 961 F.2d at 496 (explaining appellate claim falls outside the scope of the waiver when the defendant was actually sentenced in excess of the maximum prescribed by statute, not when he potentially could have been sentenced in excess of the statutory maximum). Under the FSA, the statutory maximum for distribution of 5 grams or more of cocaine base is twenty years imprisonment. 21 U.S.C. § 841(a)(1)(C). Duggins was

sentenced to 138 months on count one (the cocaine distribution charge), well under the statutory maximum of 240 months. As such, Duggins's § 2255 claim does not fall outside the scope of the waiver.

In essence, Duggins's argument is that under the FSA (which, the court presumes, should have applied to his case) his guideline range should have been lower because the top of his range would have been limited by the FSA's 240-month statutory maximum. That much is true. Duggins's total guideline range was 262 to 327 months. Under the FSA, the statutory maximum on count one would have been 240 months. Because count two carried a mandatory 60-month sentence that must run consecutive to the drug trafficking sentence, the top of the guideline range should have been set at 300 months, not 327 months, under the FSA. *See* U.S.S.G. § 5G1.1. Thus, the top of Duggins's guideline range should have been lower under *Dorsey* and the FSA.

But that would not have changed the bottom of the guideline range, which was calculated pursuant to the career offender guideline, U.S.S.G. § 4B1.1. Contrary to Duggins's argument, the ranges provided in § 4B1.1(b), which calculates the guideline range for some career offenders based on the defendant's total statutory maximum exposure,[1] do not apply to his case. Duggins was sentenced under § 4B1.1(c), which provides the guideline ranges for defendants who, like Duggins, pled guilty to use of a firearm during a drug trafficking offense, § 924(c). Duggins falls

---

[1] Section 4B1.1(b) contains a table of sentencing ranges for career offenders that progressively increases relative to a defendant's maximum statutory sentence. Thus, if 4B1.1(b) applied to Duggins case, Duggins may have received a lower total guideline range were it not for the *Dorsey* error. Of course, that would not mean the error was necessarily cognizable on collateral review. But even if it were, the error simply did not occur in this case. As explained above, Duggins's sentence was calculated under 4B1.1(c), not (b), and thus *Dorsey* simply does not affect the lower end of Duggins's guideline range.

4

into the sentencing table in § 4B1.1(c)(3), which provides for a guideline range of 262-327 months in his case.

As explained above, the *Dorsey* error would have capped the top of the guideline range at 300 months. However, the *Dorsey* error would not have affected the bottom of the guideline range, which was calculated solely on the basis of the career offender provision. Moreover, the 267-month bottom of the guideline range is not over the 300-month statutory maximum under *Dorsey*.

Duggins's 5K1.1 reduction was calculated by reducing his sentence from the bottom of his guideline range. Because the *Dorsey* error does not affect the calculation of the bottom of the guideline range, Duggins would have received precisely the same sentence he received in this case regardless of whether the *Dorsey* error occurred or not. Thus, even if Duggins had not waived his right to file this § 2255 petition, his claim would have failed on the merits.

## CONCLUSION

For the reasons detailed herein, Duggins's § 2255 Motion to Vacate, Set Aside or Correct his Sentence [DE-78] is DENIED and the petition is DISMISSED. The Government's motion to dismiss [DE-93] is ALLOWED. Duggins's motion to amend a final judgment [DE-74] and the Government's related motion to dismiss [DE-76] are both DENIED as moot. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Duggins's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Duggins has not met the standard for issuance of a certificate of appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the 14 day of July, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge