IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-210-FL-1
No. 5:16-CV-466-FL

| | | |
|---|---|---|
| COREY NICOLAS DUGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 158), which challenges petitioner's career offender sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate.

### BACKGROUND

On April 12, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to the following: possession with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). On December 9, 2010,

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

petitioner was sentenced to a total of 198 months' imprisonment.[2]  Petitioner did not appeal his judgment.

On December 31, 2012, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255.  On April 16, 2013, petitioner voluntarily dismissed the motion.  On February 6, 2014, petitioner filed his second § 2255 motion, and the motion was subsequently denied.  On September 8, 2015, petitioner filed his third § 2255 motion, and the motion was dismissed as second or successive without pre-filing authorization from the Fourth Circuit Court of Appeals.

On June 21, 2016, the Fourth Circuit Court of Appeals granted petitioner authorization to file a second or successive motion.  The next day, petitioner filed the instant § 2255 motion, arguing that in light of Johnson, he no longer qualifies as a career offender.  On July 28, 2016, this case was stayed pending the Supreme Court's final decision in Beckles v. United States, 15-8544.  On April 7, 2017, the stay was lifted, and petitioner was given thirty days to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017).  Both petitioner and the government have responded.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and

---

[2] Petitioner was sentenced to 138 months on Count One and 60 months on Count Two, to run consecutively.

2

the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.      Analysis

Petitioner initially relied on Johnson's reasoning to challenge his designation as a career offender under U.S.S.G. § 4B1.1 on the basis that Johnson invalidated U.S.S.G. § 4B1.2(a)'s residual clause. Mot. Vacate (DE 158-3) at 5. More recently, petitioner argues that his predicate conviction for North Carolina common law robbery no longer qualifies as a "crime of violence" and can no longer serve as a predicate conviction for application of the career offender enhancement. Supplemental Br. (DE 167) at 5-9.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

Petitioner's initial argument fails because the Supreme Court recently held that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner's status as a career offender is not subject to constitutional challenge.

Petitioner's post-Beckles argument fails because his challenge to his advisory guideline range is not cognizable on collateral review. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); see also Sun Bear v. United States, 644 F.3d

700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation" (internal quotation marks omitted)). The Fourth Circuit Court of Appeals similarly held that a defendant's challenge to his career offender designation based on the intervening decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (holding that "we are hesitant to undermine the judicial system's interest in finality to classify a Sentencing Guidelines error as a fundamental defect").

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 158). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge